**Opinion issued June 23, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-16-00116-CR

————————————

## OSMIN ENRIQUE HERNANDEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case No. 1401404**

## MEMORANDUM OPINION

Appellant, Osmin Enrique Hernandez, pleaded guilty to the first-degree felony offense of murder. *See* TEX. PENAL CODE ANN. §§ 19.02(b)(3), (c) (West Supp. 2015). Pursuant to a plea bargain, the State agreed to reduce the original charge of capital murder to murder with a deadly weapon, with the agreed recommendation that appellant's punishment be assessed at forty years'

confinement. *See id.* §§ 19.03(a)(2), (b) (West Supp. 2015). In accordance with the terms of his plea bargain with the State, the trial court found appellant guilty of the reduced charge of murder with a deadly weapon, and assessed his punishment at forty years' confinement. *See id.* § 12.32(a) (West Supp. 2015). The trial court certified that this was a plea-bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2).

Nevertheless, appellant timely filed a *pro se* notice of appeal in the trial court, contending, among other things, that the trial court granted him permission to appeal any rulings on pretrial motions. *See* TEX. R. APP. P. 25.2(a)(2)(A), 26.2(a)(1). Appellant also filed *pro se* letter-motions for an extension of time to file his appellate brief in this Court. We dismiss this appeal for want of jurisdiction and dismiss the motions as moot.

In a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West Supp. 2015); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d); *see Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

Here, the trial court's certification is included in the notice of appeal and states that this is a plea-bargain case and that appellant has no right of appeal, and the trial

court did not give its permission to appeal any matters, including any rulings on pretrial motions. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears*, 154 S.W.3d at 615. The clerk's and reporter's records, filed in this Court, support the trial court's certification. *See Dears*, 154 S.W.3d at 615. Because appellant has no right of appeal, we must dismiss this appeal without further action. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

## CONCLUSION

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

## PER CURIAM

Panel consists of Justices Higley, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).